IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| T-MOBILE SOUTH, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-cv-01464-AT |
| CITY OF ROSWELL, GEORGIA, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

Defendant City of Roswell's ("City of Roswell" or the "City") Motion for Substitution of Expert [Doc. 332] is currently before the Court for resolution. Plaintiff T-Mobile South, LLC ("T-Mobile") strongly opposes this motion. (*See* Docs. 330, 336). The Court has handled the motion on an emergency, expedited basis since the City's counsel first notified the Court on March 4, 2024 of the circumstances underlying its expert's unexpected announcement of his resignation from his role in the case on March 1, 2024. (*See* Doc. 327).

### **I.  Background**

This case has a complex, long history, including a journey to the United States Supreme Court as well as other major procedural detours. (*See* Doc. 287 at 1-20). On June 2, 2023, the Court adopted in substantial part the parties' proposed consent order specifying a new schedule for exchanges of updated information and expert reports, depositions, briefs and a three-day evidentiary hearing to

commence on February 27, 2024. (Doc. 292). The Court later adjusted that hearing date to March 4-6, 2024. (*See* January 25, 2024 Docket Entry).

In preparation for the March 2024 hearing, T-Mobile's expert, Richard Conroy, submitted a supplemental report and gave his updated deposition on January 12, 2024. (Doc. 311). He testified that coverage maps and antennae data were vital information to his analysis. (*See, e.g.*, Doc. 311 at 75-77). After Mr. Conroy's deposition, the City of Roswell served supplemental expert reports from its own expert, Mr. Graiff, relying on new information supplied by T-Mobile and its expert. (*See* Docs. 308-310). However, the data that T-Mobile sought to present through its expert, Mr. Conroy, turned out to be in flux.

The Court recognizes that T-Mobile apparently views this additional evidence and data as merely "supplemental." However, the City of Roswell's Motion for Continuance presents a very different view. (Doc. 325). The City represents that T-Mobile did not provide it timely notice, updates, and reports regarding antennae positioning and data. The City maintains that it was not until January 9, 2024, three days before the deposition of T-Mobile's expert, Mr. Conroy, that it learned through Mr. Conroy's updated expert report of new data and information regarding antennae positioning. (Doc. 325 at 2). According to the City, defense counsel was first provided with preliminary or "rough" documentation regarding the antennae matrix that Mr. Conroy was referencing at the time of Mr. Conroy's January 12, 2024 deposition. (*Id.*). Then, 12 days after Mr. Conroy's deposition, T-Mobile produced its "final" newly revised Antennae

2

Matrix, on January 24, 2024. (*Id.* at 3.) This shifting data required Mr. Graiff to work on an expedited basis in modifying his evaluation.[1]

Then, still more change occurred. On Tuesday, February 27, 2024 — more than a month after Mr. Conroy's deposition and less than a week before the scheduled evidentiary hearing — T-Mobile informed the City of yet another update to its "Roswell Surrounding Sites Antenna Matrix" due to adjustments made to its antennae by its engineers on February 5, 2024. (*See* Doc. 325 at 3-4). Two days later, on February 29, 2024, "T-Mobile served Mr. Conroy's coverage map analysis of the new Antenna Matrix and data," characterizing this merely as "'supplemental exhibits'" to Mr. Conroy's report. (*Id.* at 4).

In other words, the ground seems to have kept shifting. These last-minute disclosures of arguably significant antenna changes prompted the City of Roswell on March 1, 2024 to move for a continuance of the scheduled hearing. (Doc. 325). The T-Mobile antenna matrix system had been modified and Mr. Conroy's report had been updated again at the last moment – and this left the City and its expert in an absolute time bind, as the evidentiary hearing was set to begin on March 4, 2024.

The next twist in this saga, which prompted the instant Motion to Substitute, occurred shortly thereafter. According to the March 4, 2024 Declaration of Angela Couch, counsel for the City of Roswell, filed at approximately 10:45 a.m. on March

---

[1] Mr. Graiff's supplemental report filed February 7, 2024, indicates that he relied in part on new T-Mobile antenna information served on January 24, 2024. (Doc. 310 at 1).

3

4, 2024, the City's expert witness, Mr. Graiff, age 78, expressed great personal concern upon learning of the additional updates. (Doc. 327 at 2-3).

According to Ms. Couch's Declaration, Mr. Graiff had become increasingly anxious and stressed after his deposition of January 19, 2024. However, he throughout remained cooperative as her expert witness. However, upon Mr. Graiff's learning on Thursday, February 29, 2024 that T-Mobile was now unexpectedly producing supplemental data and exhibits for the evidentiary hearing beginning on the following Monday, March 4, 2024, he "became extremely distressed." (*Id*. at 3). He advised Ms. Couch that given the new documents from T-Mobile, the "work it would require of him was causing too much stress," and abruptly ended the call. (*Id*. at 3). Ms. Couch was later able to explain to Mr. Graiff that the hearing might go forward on March 4 or it might be continued.

After the Court conferred with counsel on Friday, March 1, 2024 regarding the new evidentiary issues, it cancelled the March 4-6 hearing and directed counsel to advise the Court of their availability for a rescheduled hearing in April and also to confer regarding discovery of the newly disclosed evidence. (*See* Minute Order at Doc. 326, granting Defendant's Motion to Continue, and preceding Notice of Cancellation). After the parties' phone conference with the undersigned on March 1, 2024, Ms. Couch was unable to reach Mr. Graiff until that evening.

When he was finally reached by phone, Mr. Graiff "unequivocally stated that he was finished with this case and that he could no longer take the stress." (Doc. 327 at 3-4). He then "abruptly terminated the call after flatly stating 'don't call me

4

anymore.'" (Doc. 327 at 3-4). Mr. Graiff confirmed his decision to withdraw from his expert role in this case in an email dated March 2, 2024, and described how his engagement in the case placed such "mental stress" on him and "a toll on his physical and mental health" in conjunction with his advanced age, so that he could not continue. (Doc. 327 at 2-4; Doc. 337-1).

Two days later, on Monday, March 4, 2024, Ms. Couch emailed the Court regarding Mr. Graiff's resignation and shortly thereafter submitted her Declaration regarding this sequence of events. She further advised the Court that she had begun researching and contacting other possible experts for the case. (Doc. 327 at 4). The Court subsequently issued an Order with this direction:

> The Court has reviewed the Declaration of Angela C. Couch, filed today by Defendant City of Roswell, indicating that the City's expert witness, Mr. Graiff, has recently resigned from working on the case. Given the Declaration, the Court assumes that the City still intends to present an expert witness in support of its case. The City is directed to proceed expeditiously in its search for a replacement expert witness in Georgia and elsewhere, to comply with the relevant disclosure rules, and to allow Plaintiff T-Mobile South a sufficient opportunity to depose the replacement expert witness. The Court will discuss this matter further with counsel on the previously scheduled teleconference tomorrow afternoon.

(Doc. 329). The next day, on March 5, 2024, T-Mobile's counsel filed a preliminary response to Ms. Couch's Declaration and a Request for Reconsideration of the Court's directive. (Doc. 330). That afternoon, the Court held a conference with counsel regarding the host of legal and pragmatic issues both parties had raised. (Doc. 331).

5

On March 8, 2024, following Defendant's filing of a Motion for Substitution of Expert (Doc. 332), the Court held an additional conference with counsel regarding the issues raised by both parties and next steps. (Doc. 333). The Court issued an Order the same day providing an expedited schedule for briefing on Defendant's Motion for Substitution, as well as a new June 2024 hearing date in this matter. (Doc. 334). The parties' briefing regarding the Defendant's Motion for Substitution is now complete.

## II.     Legal Standard

The majority of district courts apply Federal Rule of Civil Procedure 16's "good cause" standard for assessing a motion to substitute an expert witness. *Leibel v. NCL, (Bahamas) Ltd.*, 185 F. Supp. 3d 1354, 1355 (S.D. Fla. 2016) (citing *Doctor's Assocs., Inc. v. QIP Holder, LLC*, No. 3:06–cv–1710, 2009 WL 5184404, at *4 (D. Conn. Dec. 23, 2009)); *see also Jones v. Barlow*, No. 2:19-CV-114-JES-NPM, 2021 WL 4819616, at *1 (M.D. Fla. Oct. 15, 2021).[2] The late substitution of an expert witness obviously can be disruptive, especially when sought close to the trial of a case. Still, as the *Leibel* Court discussed: "Courts have consistently allowed the substitution of expert witnesses when unexpected events prevent the designated expert from testifying at trial . . . However, courts have been equally consistent in denying motions to substitute an expert witness when the reason for the substitution was foreseeable and resulted from the parties' lack of diligence."

---

[2] As discussed in these cases, while some courts use Rule 37's "substantial justification" standard, the differences between the standards under Rules 16 and 37 are in practice negligible.

*Leibel*, 185 F. Supp. 3d at 1356-57 (summarizing a string of district court cases with varied results). *See also Avant Garde Eng'g & Res. Ltd. v. Nationwide Equip. Co., Inc.*, No. 3:11-CV-525-J-20TEM, 2013 WL 12153534, at *1-2 (M.D. Fla. Sept. 11, 2013) (allowing substitution of plaintiff's expert witness despite the proximity of trial where "[p]laintiff insists it is attempting to substitute the expert due to an unavoidable circumstance—the expert will no longer assist in the case"); *PK Studios, Inc. v. R.L.R. Invs., LLC,* No. 2:15-CV-389-FTM-99CM, 2017 WL 495497, at *2-4 (M.D. Fla. Feb. 7, 2017) (noting defendant's grounds for objecting to the substitution of the expert witness — i.e., its contention that plaintiff was merely seeking to compensate for particular inadequacies of the prior designated expert witness and its concern as to the time and costs associated with substitution — but ultimately concluding that the harsh prejudice that plaintiff would suffer without an expert witness and plaintiff's promptness in moving for substitution warranted grant of the motion).

### III. Discussion

In the instant case, T-Mobile vigorously argues that Defendant's substitution motion is in effect a last moment strategy to replace Mr. Graiff because of the City's belated recognition of the inadequacy of his report, as well as Mr. Graiff's concern that he would be professionally discredited. (*See* Doc. 336). T-Mobile also suggests that Mr. Graiff's personal and professional reasons for withdrawal are a sham, because it has determined through the general counsel for another telecommunications firm (Verizon) that Mr. Graiff continues to act as an

7

expert on another case in a federal court in New Jersey, and that Mr. Graiff was scheduled to provide a report for a hearing before the zoning appeals committee in Rhinebeck, New York on March 20, 2024. (Doc. 336 at 4; Doc. 336-1 at 2). The Court notes that the New Jersey federal case is stayed for mediation and the docket does not reflect any information regarding the scope of Mr. Graiff's role in that case. Further, Mr. Graiff's appearance (if such occurred) before the Town of Rhinebeck's zoning or zoning appeals committee clearly entails a different scope of demands and preparation than would be necessary in this Court for this matter.

Regardless of whether Mr. Graiff continues as an expert in another federal case, or whether he actually appeared before the Rhinebeck appeals committee on March 20, 2024 in his capacity as an advisor to the town government (or prepared a report for same) does not meaningfully speak to his capacity to continue to participate in this case under the host of circumstances now presented. In this case, Mr. Graiff would have been required to productively evaluate an entire new batch of data and analysis associated with T-Mobile's recent production of antennae matrix data on an extremely expedited basis both to assist counsel in examining T-Mobile's expert and to testify at length.

T-Mobile also notes other related strategic reasons to support its contention that the City has allegedly sought to replace Mr. Graiff — and in turn, to suggest or imply bad faith on the City's counsel's part. Upon review of the record and the parties' briefs, considering the promptness of defense counsel's bringing Mr. Graiff's concerns for his health and adamant refusal to proceed as an expert to the

8

Court's attention, and the sequence of events that occurred in this case from January through March 5, 2024, the Court finds as follows:

1. There is no credible evidence indicating bad faith or deviousness on the part of the City of Roswell or its counsel with respect to its motion to use Mr. Levitan as a substitute expert in place of Mr. Graiff, given the sequence of events that have transpired in recent months in this case. These circumstances include T-Mobile's late supplemental production of significant data and new information as to its antennae matrix; Mr. Graiff's adamant, emotional refusal as of March 1, 2024 to continue as an expert witness given the proximity of the scheduled evidentiary hearing; and Mr. Graiff's advanced age and apparent medical and/or psychological incapacity to handle the high level of stress he had recently endured in connection with his role in this case.[3] The Court further notes that the challenges and circumstances presented in this case at this juncture are simply not comparable to the two other matters that T-Mobile has pointed the Court to that Mr. Graiff has some involvement in. Additionally, Defense counsel promptly notified the Court of the issue that had arisen with Mr. Graiff and expeditiously moved to identify a new expert.[4]

---

[4] The Court notes that Mr. Graiff first started serving as an expert witness for the City of Roswell in 2017, when he was 72 years old. At that time, reasonably, "the City did not expect it would need his services past 2018." (Doc. 327 at 2). Obviously, circumstances have changed greatly since then.

2. The new antennae tilt information and updated expert materials produced by T-Mobile in February 2024, when considered in conjunction with other data reports produced in January 2024, require assessment by Defendant's substitute expert. This is so not because Mr. Levitan will have just joined the case, but instead, because this is newly provided information and data which requires analysis in conjunction with T-Mobile's previously produced data and evidence.

3. The need for technical issues in this matter to be properly presented to the Court is obvious. The role of an expert is to provide specialized knowledge and information and thus, to provide the Court with a proper foundation for assessing the complex issues before it. The Court finds that Defendant's Motion for Substitution of its expert under the combination of circumstances outlined in this Order is reasonable and supported by good cause. The Court expects both parties' experts to illuminate the evidence introduced. Additionally, the Court finds that granting the Defendant's substitution motion is necessary to prevent the harsh prejudice which would result if Defendant was deprived of use of a substitute expert.

4. Based on the material evidentiary developments and T-Mobile data disclosures that have occurred in the last few months, the Court will not confine Defendant's new expert to giving expert testimony as a virtual ventriloquist for Mr. Graiff. The Court will require Mr. Levitan to

produce an expert report and be subject to a deposition, to ensure that T-Mobile has an adequate opportunity to prepare for the evidentiary hearing and are not prejudiced by the substitution of counsel.

5. T-Mobile has requested that its attorneys' fees and expenses be paid in connection with the work and depositions associated with Defendant's switch in experts. The Court reserves review of the merits of this request to after the conclusion of the evidentiary hearing.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Substitution of Expert [Doc. 332] and **DENIES** Plaintiff's Request for Reconsideration. (Doc. 330). The City has previously indicated that Mr. Levitan expects to have an expert report prepared by April 22, 2024 and will be available for deposition with reasonable notice anytime thereafter. (Doc. 332 at 2). The Court **DIRECTS** the parties' counsel to confer no later than April 3, 2024 regarding a scheduling timeline for Mr. Levitan's expert report and deposition and any other associated matters requiring disclosure and scheduling based on these developments.

The Court is prepared to proceed with the evidentiary hearing as currently scheduled to start on June 24, 2024 or alternatively to make room on its calendar for the evidentiary hearing in the first week of September, or in October, if counsel find that the June dates have become unworkable.[5] The parties' proposed schedule

---

[5] Additionally, if a trial time slot becomes available in August, the Court will promptly notify counsel.

should be filed no later than April 8, 2024. The Court will conduct a phone conference with counsel on April 10, 2024 at 2:30 pm.

### IV. Conclusion

The Court **GRANTS** Defendant's Motion for Substitution of Expert [Doc. 332] and **DENIES** Plaintiff's Request for Reconsideration. (Doc. 330). The parties are **DIRECTED** to meet and confer and submit a proposed schedule as discussed above no later than April 8, 2024. The Court will conduct a phone conference with counsel on April 10, 2024 at 2:30 pm.

**IT IS SO ORDERED** this 25th day of March, 2024.

```
                            _____
                            AMY TOTENBERG
                            UNITED STATES DISTRICT JUDGE
```